Case 4:23-cv-00006   Document 26   Filed on 12/11/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREMEKA DAVIS,<br>　　Plaintiff, | §<br>§<br>§ |
| VS. | §　　CIVIL ACTION NO. 4:23-CV-00006 |
| HARRIS COUNTY JAIL, *et al.*,<br>　　Defendants. | §<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss filed by Defendant Harris County Jail ("HCJ"). (Dkt. 15). Having carefully reviewed the motion, response, reply, applicable law, and the entire record, the Court **GRANTS** the motion.

## FACTUAL BACKGROUND

Plaintiff's pleadings are somewhat disjointed in that it is not always clear if or how the pleadings' allegations or any specific causes of action are connected to the named defendants. For purposes of the Court's consideration of the pending motion, the following facts alleged in the complaint (Dkt. 1) and amended complaint (Dkt. 4) are taken as true.

Plaintiff asserts claims that sound in constitutional violations. Specifically, she asserts claims of "cruel and unusual punishment ,sexual assault by security guards [sic]" (Dkt. 1 at 1), "discrimination complant,sexual rapes assault,organ trafficking ,body hacking sex trafficking, ritual abuse ,DeepFace ID theif, [and] mind control brain war electromagnetic torture [sic]" (Dkt. 4). In support of these claims, Plaintiff alleges that her

1

son, Tavis Davis, was sexually assaulted multiple times over a week by security guards at HCJ (Dkt. 1 at 1, 8; Dkt. 4) and that they are harassing Tavis Davis through the "airwave on televisi[on.]" (Dkt. 1 at 1; Dkt. 4.)

She alleges that Tavis Davis was attacked at the jail by police and the "Houston Texas Sheriff's Department" on May 26, 2019 (Dkt. 1 at 8) and possibly that the police have hired people "to demon gang stalk and attack" her and her son in jail (Dkt. 1 at 7). She alleges that she went to HCJ to ask for help and was instead attacked and that she, Tavis Davis, and other family members were "attacked," "organ trafficked" and "sex trafficked." (Dkt. 1 at 8.)

She alleges that Jay Z, Barack Obama, and possibly Beyonce used "astral project[ion]" and "brain to brain communication" to start a fight in HCJ. (Dkt. 1 at 10.) She also appears to allege that Jay Z and Ludacris "have a satanic music and sex ritual going on in the jail" and that those rituals somehow relate to injuries. (Dkt. 1 at 6 ("It's an emergency they doing Satanic rituals in the jail that pierces his skin a passionate back up and talking to him on his brain been aggressive and fighting him fist of fist he his head injury and guys is proud of him more than one hit him at the same time they fighting him because they fight him over his own inheritance Shawn Carter aka Jay Z and Christopher B. Bridge Ludacris have a satanic music and sex ritual going on in the jail.")).

She appears to allege that "Ludacris and Jay Z etc." have engaged in "body swapping" and attacked her and her family. (Dkt. 1 at 2; *see* Dkt. 8 at 51.) She also alleges that she, Tavis Davis, and another were "astral demon kidnapp[ed]" (Dkt. 1 at 2) and held for ransom (Dkt. 1 at 3).

2

In the pending motion, HCJ argues, *inter alia*, that it is entitled to the dismissal of the claims against it because HCJ is a *non sui juris* entity and even if HCJ had the capacity to be sued or Plaintiff had named the proper party, Harris County, Plaintiff has failed to plead a claim under *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978). The Court considers these arguments below.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

3

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201.

4

*Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

### II. Municipal Liability Under 42 U.S.C. § 1983

Plaintiff has sued HCJ. (Dkts. 1, 4). HCJ is not a proper party to this lawsuit because it is *non sui juris*, meaning it lacks the legal capacity to sue or be sued as a matter of law. A department must have a separate legal existence to be sued. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *Wakat v. Montgomery County*, 471 F. Supp. 2d 759 (S.D. Tex. 2007). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity. *See Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game & Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961). The capacity of an entity to sue or be sued is determined by the law of the state where the court is held. *Darby*, 939 F.2d at 313. An unincorporated department of the government is not a legal entity and cannot be sued. *See Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981). Here, Plaintiff alleges, among other things, that Tavis Davis was sexually assaulted, harassed, and attacked at HCJ and that she was attacked, "organ trafficked" and "sex trafficked" after she went to HCJ to ask for help. HCJ is a department of Harris County, Texas. It is not a separate entity capable of independent legal action. Accordingly, the Court finds that HCJ cannot be sued and is entitled to dismissal from the action.

5

Even if Plaintiff sued the proper defendant, Harris County, her argument would still fail because a governmental entity can be held liable for civil rights violations only under Section 1983, and Plaintiff has not stated a claim under Section 1983. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government may not be sued under Section 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. *See Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). However, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under Section 1983. *Id*.

To state a claim under Section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> "An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."

*McIntosh v. Smith*, 690 F. Supp. 2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

Here, Plaintiff did not plead any facts that describe an official policy promulgated by the municipal policymaker that was the moving force behind the violation of a constitutional right so Harris County, even if properly sued, cannot be held liable under Section 1983.

## CONCLUSION

Accordingly, for the reasons stated above the Court finds that HCJ's Motion to Dismiss (Dkt. 15) should be **GRANTED**. Plaintiff's claims against HCJ are **DISMISSED WITH PREJUDICE**. In addition, Plaintiff was ordered to serve Defendant Sylvester Turner and file proof of such service with the Court on or before November 17, 2023. Plaintiff has not filed proof of service. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), because 90 days have elapsed since the Complaint was filed and Turner has not been served, Plaintiff's claims against Turner are hereby **DISMISSED for want of prosecution.** All other pending motions are **DENIED AS MOOT.**

SIGNED at Houston, Texas on December 11, 2023.

                                                  GEORGE C. HANKS, JR.
                                                UNITED STATES DISTRICT JUDGE