United States District Court
Southern District of Texas
**ENTERED**
April 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREMEKA DAVIS, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-00006 |
| § | |
| HARRIS COUNTY JAIL, *et al.*, § | |
|     Defendants. § | |

## ORDER AND FINAL JUDGMENT

Although Tremeka Davis attempted to sue multiple defendants,[1] including Harris County Jail and Sylvester Turner, she only served Harris County Jail.[2] On December 11, 2023, the Court dismissed with prejudice Davis's claims against Harris County Jail for failure to state a claim. The Court dismissed the claims against Turner for want of prosecution because Davis did not serve Turner as required by the rules and ordered by the Court. On January 16, 2024, Davis filed a motion to reinstate this case.

Because the motion was filed more than 28 days after the Court's order dismissing Davis's claims, the Court construes Davis's motion to reinstate case as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60. *See Demahy v.*

---

[1] Davis attempted to name the following as defendants: Harris County Jail, the State of Texas, Sylvester Turner, Katisha Brown, Belcalis M. Almanzar, Houston Police Department, Baton Rouge Department [sic], Donald J. Trump, Christopher B. Bridges, Shawn "Jay-Z" Carter, Beyonce Knowles, Robert R. Williams, and Calvin Bailey.

[2] Davis filed a return of service of summons relating to Defendant Sylvester Turner. (Dkt. 7). Davis represented that she, herself, personally served Turner. Davis's attempt at service on Turner was improper. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added).

*Schwarz Pharma Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Rule 60 (b) provides for relief from a final judgment and states that:

> the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). The movant has the burden of establishing at least one of the Rule 60(b) requirements, and the court has discretion to determine whether that burden has been met. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

Davis does not argue for relief under any of the factors enumerated by Rule 60(b). In light of Davis's inability to explain her entitlement to post-judgment relief, the Court **DENIES** Davis's request for this "extraordinary remedy."

This is a **FINAL JUDGMENT** pursuant to Federal Rule of Civil Procedure 58.

SIGNED at Houston, Texas, on April 24th, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE